IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,

v.

CARGO SOLUTION EXPRESS INC.,
a California corporation,

    Defendant.
_____/

Case No:

**JURY DEMAND**

## COMPLAINT

Plaintiff LANDSTAR RANGER, INC., by and through its undersigned counsel, hereby submits and files its Complaint against Defendant CARGO SOLUTION EXPRESS, INC., and in support thereof states as follows:

INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant CARGO SOLUTION EXPRESS, INC. ("CSE"), a motor carrier that provides transportation services, for CSE's loss and/or theft of goods and its failure to indemnify Landstar for CSE's loss and/or

1

theft of goods pursuant to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier and freight forwarder.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. CSE is a California corporation with its principal place of business in Fontana, California.

6. CSE is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-565817) to transport property in interstate commerce.

7. CSE is a citizen of California for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because Landstar and CSE are citizens of different states, and because the amount in controversy, exclusive of interest, costs and attorneys'

fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about June 18, 2013, CSE, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar wherein CSE agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 22 of the Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

12. Accordingly, CSE consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

GENERAL ALLEGATIONS

13. On or about December 26, 2018, Limited Brands, Inc. ("the Shipper") contacted transportation broker Landstar to arrange for the

transportation of 1,650 cartons of Bath & Body Works branded products ("the Cargo") from Santa Clarita, California to Reynoldsburg, Ohio.

14. On or about December 26, 2018, Landstar arranged for motor carrier CSE to transport, governed by the Agreement and a bill of lading, the Cargo to the consignee in Reynoldsburg, Ohio. A copy of the governing bill of lading for the Shipment, No. 2018-16259-00 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

15. The Cargo was tendered to CSE in Santa Clarita, California on or about December 28, 2018 in good condition as evidenced by the signature of CSE's driver on the Bill of Lading.

16. While in transit from California to Ohio and under the exclusive care, custody, and control of CSE, 500 cartons of the Cargo were stolen and/or otherwise lost ("the Stolen Cartons").

17. The remaining 1,150 cartons of the Cargo were delivered to the consignee in Reynoldsburg, Ohio on January 2, 2019 and the 500 carton shortage was noted by the consignee on the receiving paperwork attached hereto as **Exhibit C**.

18. Accordingly, CSE failed to deliver the Cargo to the consignee in the same good condition and in the same quantity in which it received the Cargo.

19. In September of 2019, Landstar was notified by the Shipper that a police investigation by the Columbus (Ohio) Police Department ("CPD")

netted the recovery of the Stolen Cartons, among other unrelated stolen cargo, from a warehouse controlled by CSE.

20. Upon information and belief, the theft of the Stolen Cartons was perpetrated by employees of CSE.

21. Landstar, on September 27, 2019, having recently received word from the Shipper that the Stolen Cartons had been recovered, filed a claim with CSE for the loss associated with CSE's theft of the Stolen Cartons.

22. Upon information and belief, in or around April 2020, the Stolen Cartons were returned to the Shipper, but were kept locked with a CPD lock in a trailer on the Shipper's facility at the instruction of the CPD to preserve evidence for the investigation of the theft of the Stolen Cartons.

23. Upon information and belief, the investigation of the theft of the Stolen Cartons is ongoing.

24. The Shipper, even if it were able to access the goods comprising the Stolen Cartons, could not salvage such goods and demanded payment from Landstar for the full value of the Stolen Cartons.

25. The full value of the Stolen Cartons was $236,250.00.

26. CSE and its cargo liability insurer, Allianz Global Corporate & Specialty Insurance ("Allianz"), were notified of the demand from the Shipper for payment of the full value of the Stolen Cartons, but declined to participate in the resolution of the claim.

27. Landstar fully settled and resolved the Shipper's claim for the theft and/or loss of the Stolen Cartons for $189,000.00.

28. As part of the settlement of the Shipper's claim, on January 8, 2021, the Shipper released to Landstar all right, title, and interest in any claims related to the theft and/or loss of the Stolen Cartons. The Shipper's January 8, 2021 Release is attached hereto as **Exhibit D**.

29. After resolving and settling the Shipper's claim, Landstar notified CSE and Allianz of the resolution and again sought recovery under the Agreement for the loss of the Stolen Cartons from CSE and/or its insurer, Allianz. On multiple occasions, Allianz has declined to pay on the claim citing the ongoing criminal investigation into CSE's theft of the Stolen Cartons (among other theft).

30. Having paid the Shipper for the damage and loss of the Stolen Cartons in full satisfaction of the Shipper's claim, Landstar is subrogated to the rights of the Shipper and now seeks payment from CSE for the aforementioned theft and/or loss of the Stolen Cartons.

31. As a result of actions taken by CSE, Landstar has sustained significant damages.

32. Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

33. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT

34. Landstar incorporates paragraphs 1 through 33 as if fully set forth herein.

35. Having duly entered into the Agreement with Landstar, CSE's carriage of the Cargo, including the Stolen Cartons, was subject to the Agreement's terms and conditions.

36. Paragraphs 8 and 11 of the Agreement make CSE wholly responsible for performing the transportation services contemplated by the Agreement and make CSE wholly liable for damages arising from cargo loss, damage or delay in the performance of such services.

37. Paragraph 9 of the Agreement makes CSE responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" CSE's performance or breach of the Agreement.

38. CSE breached the Agreement by not successfully delivering the Stolen Cartons and then refusing to cooperate with Landstar in the resolution of the Shipper's claim.

39. Upon information and belief, CSE breached the Agreement by stealing the Stolen Cartons which were stolen by employees of CSE for whom CSE is vicariously liable.

40. CSE further breached the Agreement by not defending and indemnifying Landstar when the claim was brought by the Shipper against Landstar.

41. By failing to defend and indemnify Landstar against the claim brought by the Shipper, CSE caused Landstar to file this suit to be made whole.

42. CSE's multiple separate and independent breaches of the Agreement have exposed Landstar to damages beyond those solely related to the Stolen Cartons, including legal jeopardy with the Shipper, the incurrence of attorneys' fees, costs, and other expenses to achieve a resolution of the Shipper's claim for CSE's theft and/or loss of the Stolen Cartons, and the attorneys' fees and costs of this suit for which CSE must now indemnify Landstar.

43. Landstar has, and continues to, incur losses, costs and attorneys' fees in connection with its enforcement of the Agreement.

## COUNT TWO - CARMACK AMENDMENT

44. Landstar incorporates paragraphs 1 through 33 as if fully set forth herein.

45. CSE received the Cargo, including the Stolen Cartons, it was obliged to transport in good condition.

46. CSE took the Cargo into its care, custody, and control and failed to deliver the Cargo in the same good condition and in the same quantity in which it was received.

47. CSE is liable for the loss of the Stolen Cartons pursuant to 49 U.S.C. § 14706 because CSE's transportation of the Cargo constituted the transportation of goods in interstate commerce by a motor carrier.

48. CSE's actions resulted in a claim for loss and damages asserted by the Shipper against Landstar in the amount of at least $236,250.00, which Landstar was able to resolve fully for $189,000.00.

49. Accordingly, Landstar has suffered damages in the amount of $189,000.00, exclusive of interest.

WHEREFORE, Landstar respectfully requests that this Honorable Court enter judgment in its favor and against CSE for damages in the amount of $189,000.00 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by Landstar in having to deal with CSE's theft of the Stolen Cartons, in having to resolve the claim brought by the Shipper, the attorneys' fees, costs and expenses it is incurring in this suit,

any other fees and costs authorized by statute, and such other and further relief deemed just by this Court.

## JURY DEMAND

Landstar hereby demands a trial by jury.


Date: September 27, 2021					Respectfully submitted,

/s/ Kristen M. J. Johnson
   Kristen M.J. Johnson, Esq.
   Florida Bar No. 1005180
   John L. Marchione, Esq.
   Florida Bar No. 114245
   TAYLOR JOHNSON PL
   20 3rd Street SW, Suite 209
   Winter Haven, FL 33880
   (863) 875-6950 (tel)
   (863) 875-6955 (fax)
   kjohnson@taylorlawpl.com
   jmarachione@taylorlawpl.com
   efiling@taylorlawpl.com
   lroberts@taylorlawpl.com

*Counsel for Plaintiff*